1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAY MATSON,

11              Petitioner,              No. 2: 10-cv-1047 JAM KJN P

12        vs.

13   KATHLEEN ALLISON,

                                         FINDINGS AND RECOMMENDATIONS
14              Respondent.

15   _____/

16         Petitioner is a state prisoner proceeding without counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition

18   filed April 29, 2010.  Petitioner challenges his 2004 convictions for three counts of inflicting

19   corporal injury on a spouse or cohabitant and one count of dissuading a victim by use of force or

20   violence.  Petitioner is serving a sentence of nine years.

21         Petitioner raises two claims.  First, he alleges that his upper term sentences violate

22   Butler v. Curry, 528 F.3d 624 (9th Cir. 2008).  Second, he alleges that his consecutive sentences

23   violate Blakely v. Washington, 542 U.S. 296 (2004).

24         Pending before the court is respondent's July 7, 2010 motion to dismiss on

25   grounds that this action is barred by the statute of limitations.  After carefully considering the

26   record, the undersigned recommends that respondent's motion be granted.

1

1    The statute of limitations for federal habeas corpus petitions is set forth in 28

2    U.S.C. § 2244(d)(1):

3    A 1-year period of limitation shall apply to an application for a writ
     of habeas corpus by a person in custody pursuant to the judgment
4    of a State court.  The limitation period shall run from the latest of–

5    (A) the date on which the judgment became final by the conclusion
     of direct review or the expiration of the time for seeking such
6    review;

7    (B) the date on which the impediment to filing an application
     created by State action in violation of the Constitution or laws of
8    the United States is removed, if the applicant was prevented from
     filing by such State action;
9
     (C) the date on which the constitutional right asserted was initially
10   recognized by the Supreme Court, if the right has been newly
     recognized by the Supreme Court and made retroactively
11   applicable to cases on collateral review; or

12   (D) the date on which the factual predicate of the claim or claims
     presented could have been discovered through the exercise of due
13   diligence.

14   On November 16, 2005, the California Supreme Court denied petitioner's petition

15   for review.  (Respondent's Lodged Document 4.)  Petitioner's conviction became final ninety

16   days later on February 14, 2006.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (a

17   conviction is final for purposes of the statute of limitations at the expiration of the ninety day

18   period for seeking certiorari).  Therefore, the statute of limitations time period began on February

19   15, 2006.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule

20   of Civil Procedure 6 to calculation of time periods).

21   This action was not filed within one year of February 15, 2006.  Accordingly, this

22   action is not timely unless petitioner is entitled to equitable or statutory tolling.

23   The period of limitation is tolled while a "properly filed" application for state

24   post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  Petitioner filed

25   his first state habeas petition on April 17, 2009.  (Respondent's Lodged Document 5.)  Petitioner

26   is not entitled to statutory tolling because he did not file his state habeas petition within the

2

1  limitation period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v.

2  Rice, 276 F.3d 478, 482 (9th Cir. 2001).

3        In his opposition, petitioner makes no argument for equitable tolling.  Instead,

4  petitioner argues that because his claims are based on new law, the statute of limitations should

5  run from a later trigger date pursuant to 28 U.S.C. § 2244(d)(1)(C).  In particular, petitioner

6  argues that the statute of limitations should run from June 9, 2008, i.e. the date the Ninth Circuit

7  decided Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), on which his first claim is based.

8        As noted by respondent in the reply, 28 U.S.C. § 2244(d)(1)(C) allows for

9  commencement of the statute of limitations based on the date on which a constitutional right is

10 newly recognized by the Supreme Court and made retroactively applicable.  Butler is a Ninth

11 Circuit case, not a Supreme Court case.  For that reason, petitioner's argument that the statute of

12 limitations may run from the date the Ninth Circuit decided Butler is without merit.

13       In essence, by citing Butler, petitioner is raising a claim pursuant to Cunningham

14 v. California, 549 U.S. 270 (2007).  On January 22, 2007, in Cunningham, the Supreme Court

15 held that California's Determinate Sentence Law, which permitted a judge rather than a jury to

16 make findings to support the imposition of the upper term, violates a defendant's Sixth

17 Amendment right to trial by jury.  Cunningham, 549 U.S. at 293.  Construing petitioner's claim

18 one as a Cunningham claim, this action is still not timely because the Supreme Court has not

19 found its holding to be retroactive, which is a necessary predicate to the application of 28 U.S.C.

20 § 2244(d)(1)(C).  See Dodd v. United States, 545 U.S. 353, 358 (2005) (construing identical

21 language in section 2255 as expressing clear congressional intent that delayed accrual is

22 inapplicable unless the Supreme Court itself has made the new rule retroactive); see also Butler

23 v. Curry, 528 F.3d at 639 (Cunningham did not create a new rule of law).

24       For the reasons discussed above, the undersigned finds that this action is barred by

25 the statute of limitations and recommends that respondent's motion to dismiss be granted.

26 ////

1    Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

2  dismiss (Dkt. No. 13) be granted.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5  one days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8  objections shall be filed and served within fourteen days after service of the objections.  The

9  parties are advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  October 6, 2010

12

13

14                                        _____

15                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
16  mat1047.mtd

17

18

19

20

21

22

23

24

25

26